Judge Trimble
Jacob Watson sued out his writ original, in debt, from the clerk’s office of the Warren circuit court, on the 6th day of March 1804, against the defendant, Vincent Anderson, which was duly executed; whereupon the plaintiff declared against the defendant for the non-payment of one hundred pounds debt, which had accrued to him as a penalty, by virtue of the act of assembly in such cases made and provided, on account of the defendant having, on the 30th day of October in the year 1800, neglected and refused to deliver to the plaintiff, upon demand, or within six hours thereafter, a copy of the warrant of commitment and detainer, whereby the defendant, then sheriff of Warren county, kept and detained him, the plaintiff, in prison. The defendant pleaded nil debit; and the plaintiff joined issue thereon.
Upon the trial, the plaintiff offered proof of facts and transactions which had taken place in the year 1800, in order to support his action. The defendant’s counsel objected to the testimony going to the jury, “ because it went to prove matters transacted more than one year before bringing of the suit; and that the action was, of course, barred by the statute of limitations in such cases.”
Of this opinion was the court, and directed the jury to disregard the evidence ; to which opinion, the plaintiff took his bill of exceptions, and then suffered a non-suit.
The errors assigned here, question the propriety of that opinion and direction ; and insist that the defendant could not avail himself of the act of limitations, by giving it in evidence, under the plea of nil debit; but that the statute should have been specially pleaded.
This action is founded upon the habeas corpus act (a), which gives a forfeiture, or penalty, of one hundred pounds, to the prisoner, against the officer having him in custody, for “ not delivering a true copy of the warrant *459 of the commitment and detainer, within six hours after demand thereof made, to the prisoner, or person demanding it on his behalf.”
Efp. Ni. Pri. 2,62 — Pr, Dec, 338, Owens vs, Pennybaker — 2 Saund. 63, ⅛, ¼ ms. notes*
The act of limitations alluded to in the bill of exceptions, is not a part of the general act of limitation of actions, which is applicable to civil suits in general ; but is founded in the 46th section of an act passed 17th December 1796 (a), by which it is provided (among other things) that all actions or suits, brought on any penal act of assembly, not affecting life or limb, shall be brought, sued, or exhibited, in one year next after the offence committed, and not after.
Nil debit was a proper plea to the action ; it relates to the time of putting in the plea, or at least, to the bringing of the action ; and it therefore follows, that any thing going to shew that nothing was then due, by law, to the plaintiff, might be taken advantage of by the defendant, upon evidence : and consequently, that the act of limitations of penal actions, might well be set up by him, without pleading it specially—Sal. 278—3 Gwil. Bac. Ab. p. 518.
If a suit be brought on a penal statute, after the time limited, the defendant need not plead the statute, but may take advantage of it, in the general issue — 3 Gwil. Bac. Ab. p. 505, The statute declaring the suit shall not be brought after, the defendant, in such case, does not owe ; and the plaintiff has no right to demand or receive the penalty, at the time of bringing the suit.
We are, therefore, of opinion, there is no error in the opinion of the circuit court, or the direction given by them to the jury.
But even if the decision of the court had been erroneous, the plaintiff cannot now make the objection. Having submitted to a nonsuit, which he was not bound to do, he has abandoned his cause ; and therefore cannot avail himself of an objection to the opinion of the court, with regard to evidence. This doctrine is recognized by the court of appeals of Virginia—1 Wash. Rep. 138; and is supported by the principles of the case of Trigg vs. Shields, decided the last term.
If a contrary doctrine were to prevail, it would give the plaintiff a most unreasonable advantage over the defendant. For if the court gives an opinion against the defendant, upon a point of evidence relating to his de- *460 fence, which he supposed to be erroneous, his only remedy is, to except to the opinion of the court, and after á verdict against him, to prosecute his writ of error ; in which, if he fails, he is forever concluded. Why shall the plaintiff have two chánces to the defendant’s one ?
Besides, the plaintiff might, immediately after suffering a nortsuit, commence and carry on á new suit against the defendant, and at the same time be prosecuting a writ of error against him ; and thus unreasonably harrass the defendant with two litigations at the samé time, for the same cause.
The case of M'Neeley vs. Oldham's administrators,* has been cited by the counsel for the plaintiff, to shew that the party becoming nonsuit, can have relief by writ of error in this court, against the erroneous opinion of the inferior court, given in the cause. We have examined that case ; and although the point might have been made in the argument, it does not appear from the record ¿ nor is any notice taken of it, in the opinion delivered by the court. In that case, the plaintiff had obtained a verdict, which the court erroneously set aside. The decision of the court seems to have gone on the ground, that judgment ought to have been rendered on the verdict for the plaintiff ; that every thing afterwards, was erroneous ; and therefore, they direct judgment to be entered on the verdict, for him, without any regard to the subsequent proceedings. The practice of the courts of nisi prius and the king's bench, with regard to non-suits, is not analogous to the case here ; because the nonsuit at nisi prius, is to be entered in the king’s bench ; and therefore, may be set aside there. The i-e-cord is a record of the court of kin g’s bench, and not oí ^he court of nisi prius ; and indeed, the latter is only a *461 hjranch of the former, If ally ⅞⅝8$ could he shewn, injiere ⅝⅜ plaintiff had suffered ⅜ npnmit^ ⅛ the king’s bench, o,r in a trial at bar, after haying taken a bill of exceptions., an^ upon a writ of error into the exchequer cham|)er, or the ftou§e of lords, had been permitted to avail himself of the error complained of, the case wquJA be analogous. Rut it is. believed UP auch case can ht* shewn.
This latter point has been noticed, because it has been relied upon by the defendant, anda decision upon it pres* sed by the plaintiff; but there being no error in the judgment qf the court below, it must have been afirmad ^vithout it.*TT — Judgment affirmed.

(a) A&s of 1796.7^.136, § Si 1 Brad. 363-

(a) Adis of 17⅜6-7> F-13 3s i B.ad- 2.01,

 M’NEELEY vs. OLDHAM’S adm’rs.—Spring term 1806.
M’NEELEY brought an a&ion at law, againft Oldham’s adminifbators, in Jefferfon an iffue was made up, and a tria), and verdict found for the plaintiff. Anew trial wás granted by the court, to which opinion, the plaintiff excepted. At a fubfequent term, the court gave the defendant leave to plead a'new. The plaintiff excepted to this opinion likewife, and then differed a nonfuit. He then profecuted this writ of error, and afftgned error in the' opinions excepted to.
■ This Court was of opinion that the grounds dated in the firft till of except tions, were not fufficient for granting á new- trial 5 and therefore, that all the' fubfequent proceedings were erroneous. They, therefore, reversed the judg-' mentón the nonfuit, and remanded the caufe totbe inferior court, with di^ re&ions to reindate it, and enter judgment on the verdict for the plaintiff.